IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08–cv–00742–RPM–KMT

TRUSTEES OF THE PIPE INDUSTRY HEALTH AND WELFARE FUND OF COLORADO, an express trust;
TRUSTEES OF THE COLORADO PIPE INDUSTRY ANNUITY AND SALARY DEFERRAL TRUST FUND, an express trust;
TRUSTEES OF THE DENVER PIPE INDUSTRY VACATION FUND; an express trust;
DENVER PIPEFITTERS JOINT APRENTICESHIP AND TRAINING FUND, an express trust;
CONTRACT ADMINISTRATION FUND OF NORTHEASTERN COLORADO, a Colorado corporation;
and
PIPEFITTERS LOCAL UNION NO. 208, UNITED ASSOCIATION OF JOURNEYMEN AND APPRENTICES OF THE PLUMBING & PIPE FITTING INDUSTRY OF THE UNITED STATES AND CANADA, an unincorporated association,

      Plaintiffs,

v.

BEK SYSTEMS, INC., an Illinois corporation;
and PAUL G. ENGLRAM, an individual.

      Defendants.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Kathleen M. Tafoya**
**United States Magistrate Judge**

      This case comes before the court on Plaintiff's "Motion for Default Judgment" [Doc. No. 19, filed June 24, 2008].

      On April 11, 2008, the plaintiffs filed a Complaint, [ Doc. No. 1], seeking to collect delinquent contributions owed by defendants to certain employee benefit plans under the terms of a Collective Bargaining Agreement. An Amended Complaint which modified Defendant

Englram's middle name was filed later that same day, [Doc. No. 2], and a Second Amended Complaint to correct certain word processing errors was filed on April 14, 2008 ("SAC"). [Doc. No. 4]. The case was referred to the Magistrate Judge on April 21, 2008 to ". . . submit proposed findings of fact and recommendations for rulings on dispositive motions." [Doc. No. 5 at 1].

The SAC states that defendant BEK Systems, Inc. ("BEK"), an ERISA employer, did not pay into the Funds certain fringe benefit contributions as it was required to do under a Collective Bargaining Agreement entered into with the Pipefitters Local Union No. 208 of United Association of Journeymen and Apprentices of the Plumbing & Pipe Fitting Industry of the United States and Canada ("Union"). (SAC ¶ 12). The claims are brought in this court pursuant to § 502(e)(1) and (2) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1132(e)(1) and (2) and under § 301( a) of the Labor-Management Relations Act of 1947, as amended ("LRMA"), 29 U.S.C. § 185(a). (*Id.*) In addition to the Union, the plaintiffs are trustees of the Funds into which the BEK contributions should have been distributed. (*Id*. at ¶ 6). The plaintiffs claim that BEK did not make the contributions as required in June through September 2007 and owe the Funds the principal balance of $20,571.20 plus interest and liquidated damages. (*Id*. at ¶ 14, 16). The SAC alleges that BEK owes interest on the unpaid contributions of 2% per month pursuant to the Collective Bargaining Agreement and owesstatutorily provided liquidated damages of an additional 2% per months, both until the principal amount is paid in full.

Additionally BEK's check for the May 2007 contributions was returned unpaid for insufficient funds, and BEK did not pay the May contributions in full until January 14, 2008. Therefore, BEK also is liable for interest and liquidated damages from June 15, 2007 (the date the May 2007 contributions were due) to January 14, 2008 in the amount of $956.59 (*Id.* at ¶ 16).

Plaintiffs assert that BEK made one payment of $1,000.00 on February 27, 2008 toward the total amounts due and owning the Funds. (*Id.* at ¶ 17). Another partial payment check was returned unpaid due to insufficient funds. (*Id.*) Plaintiffs assert that Defendant Englram, President of BEK, is liable to the plaintiffs for the amount of the missing contributions plus late charges, interest, statutory liquidated damages, attorney fees, collection expenses and post judgment interest. (*Id.*, First Claim for Relief at 7).

The facts set forth in the SAC are verified by the Affidavit of Kurt W. Steenhoek dated June 23, 2008 and attached to the Motion for Default Judgment. [Mot., Doc. No. 19-2].

On May 27, 2008, Plaintiffs filed a Return of Service from the Sheriff's Office of Dupage County, Illinois showing personal direct service made upon Defendant Paul Englram at 377 Crestwood, Wood Dale, IL by a Deputy Sheriff on May 2, 2008 at 9:40 a.m. [Doc. No. 7]. Also on May 27, 2008, Plaintiffs filed a Return of Service from the Sheriff's Office of Dupage County, Illinois showing service made upon Defendant BEK Systems, Inc. by a Deputy Sheriff on May 6, 2008 at 10:00 a.m. by leaving a copy with John Novak, Agent, at the company address of 1001 Republic Drive, Unit 9, Addison, IL. [Doc. No. 8]. This court finds service was proper on both defendants.

An Answer or other responsive pleading would have been due from Defendant Englram on May 22, 2008 and from BEK on May 27, 2008. *See* Fed. R. Civ. P. 12(a)(I). There being no Answer or other appearance of record for either defendant, plaintiffs requested that default be entered against BEK Systems, Inc. [Doc. No. 9] and against Paul B. Englram [Doc. No. 10] on June 5, 2008. The Clerk entered default against BEK Systems on June 9, 2008. [Doc. No. 11]. However, because the plaintiffs' motion did not include the proper affidavit concerning Paul B. Englram's military status, default was not entered against Defendant Englram at that time. The Clerk eventually entered default against Paul B. Englram on June 10, 2008 after having received an executed DoDMDC, Military Status Report. [Doc. No. 13; Doc. No. 15].

The plaintiffs thereafter filed their Motion for Default Judgment against both BEK Systems, Inc. and Paul B. Englram on June 24, 2008, attaching the Affidavit of Kurt W. Steenhoek as noted, and a four page Employer Reporting Form for BEK Systems, Inc., Acct. No. 129415 detailing the benefit amounts due as a result of the labor of BEK employees. The Affidavit of Kurt W. Steenhoek ("Aff") details that BEK submitted reports to the Plaintiffs for the months of June through September, 2007, showing total contributions and dues owed in the amount of $20,571.20 and that no payment was received on those amounts. (Aff. ¶ 6). Additionally, the affidavit shows that under the terms of the Collective Bargaining Agreement, BEK owes interest in the amount of two percent (2%) per month on all unpaid benefit contributions; as of June 30, 2008, therefore, $4,937.09 was owed as interest on the $20,571.20 principal contributions. (*Id.* ¶ 7). Statutory liquidated damages have been accruing at the same rate and for the same time period. See 29 U.S.C. §1132(g)(2). Therefore, as of June 30, 2008,

an additional $4,937.09 is due and owing as liquidated damages. (*Id.* ¶ 9). According to the Affidavit, BEK Systems, Inc. also owes interest in the amount of $956.59 on May 2007 contributions that were due on June 15, 20007, but not paid until January 14, 2008. (*Id*. ¶ 8).

The total interest and liquidated damages due and owing on BEK's unpaid contributions as of June 30, 2008, are $10,830.77. Total damages as calculated on June 30, 2008 are $31,401.97[1], less the $1,000.00 BEK paid in February, 2008, for a total of $30,401.97. Interest at the rate of 2% per month and liquidated damages at the rate of 2% per month continue to accrue on the principal unpaid contributions of $20,571.20.

This court finds that the defendants BEK Systems, Inc. and Paul B. Englram have defaulted because of a failure to appear after proper service. The court finds that an Affidavit was submitted which reduced the damages to a sum which can be made certain by computation and therefore is appropriately considered pursuant to a motion for default judgment.

WHEREFORE, for the foregoing reasons, I respectfully

**RECOMMEND** that Plaintiff's "Motion for Default Judgment" [Doc. No. 19] be **GRANTED** and that default judgment be entered against BEK Systems, Inc. and Paul B. Englram in the amount of $30,401.97 plus interest equal to two percent (2%) per month on the unpaid contributions and liquidated damages equal to an additional two percent (2%) per month

---

[1] Plaintiff's motion incorrectly added the amounts due and owing as of June 30, 2008 as $41,276.15, which would have doubled the amount of interest and liquidated damages owing as of June 30, 2008. (Mot. ¶ 15).

on the unpaid contributions for the period between June 30, 2008 and the date of entry of the default judgment.

## ADVISEMENT TO THE PARTIES

Within ten days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Property*, 73 F.3d at 1059-60 (a party's objections to the Magistrate Judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining*

*Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 26th day of January, 2009.

**BY THE COURT:**

Kathleen M. Tafoya
United States Magistrate Judge